# Adams's Estate.

*Wills — Probate — Undue influence — Presumption — Evidence — Issue devisavit vel non.*

Where, on an application for an issue devisavit vel non, the evidence shows that the testatrix, although possessed of testamentary capacity, was aged, infirm bodily, and with mental faculties impaired, a presumption of undue influence is raised against a stranger to the blood of the testator who was instrumental in having executed a will under which

he was to have an executorship, also a trusteeship of an estate of about $75,000 for a period of years, and a possible residuary interest in the whole estate.

In such a case, if the contestant offers sufficient evidence of undue influence to support a finding of the jury to that effect, the court cannot refuse an issue devisavit vel non because of evidence offered by the proponent tending to raise the presumption against him, and to shift the onus. Such evidence is for a jury.

Argued Jan. 20, 1908. Appeal, No. 127, Jan. T., 1907, by Mary A. Taylor, from decree of O. C. Phila. Co., Oct. T., 1905, No. 447, refusing an issue devisavit vel non in Estate of Mary E. Adams, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Appeal from register of wills refusing to admit a will to probate.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree reversing the action of the register of wills.

*Alex. Simpson, Jr.*, with him *Emanuel Furth* and *Jacob Singer*, for appellant.—In every aspect of the case the interest taken by Croskey, decedent's confidential adviser, in view of the conceded facts that the decedent was old and mentally weak to such an extent as to raise a doubt as to her testamentary capacity, and that he wrote the will and suggested the gift to himself, it was " substantial " in every sense of the word, and raises a presumption of undue influence under the authority of Cuthbertson's App., 97 Pa. 168 ; Wilson's App., 99 Pa. 545 ; Armor's Estate, 154 Pa. 517 ; Scattergood v. Kirk, 192 Pa. 263 ; Wilson v. Mitchell, 101 Pa. 495 ; Billinghurst v. Vickers, 1 Phillimore, 187 ; Tomkins v. Tomkins, 1 Bailey (S. C.), 92 ; In re Welsh, 1 Redfield (N. Y.), 238 ; Drake's App., 45 Conn. 9 ; In re Cahill, 74 Cal. 52 (15 Pac. Repr. 364) ; Vanvalkenberg v. Vanvalkenberg, 90 Ind. 433 ; Griffin's Est., 9 Pa. Dist. Rep. 248.

*Dimner Beeber*, with him *J. Levering Jones*, for appellees.— The issue was properly refused : Graham's App., 61 Pa. 43 ; Yorke's Est., 185 Pa. 61 ; Boyd v. Boyd, 66 Pa. 283 ; Linton's App., 104 Pa. 228.

OPINION BY MR. JUSTICE ELKIN, April 20, 1908:

The appellant is the only daughter and next of kin of the testatrix, the admission of whose will to probate is being contested. She filed a caveat before the register, objecting to the admission of the will to probate on the grounds of undue influence, and asked for an issue devisavit vel non in order to have the question determined in the court of common pleas. The register after hearing awarded the issue, and the proponents appealed to the orphans' court where the case was heard upon the evidence submitted before the register of wills. The trial judge decided in favor of the validity of the will and reversed the register. Exceptions were then filed and the case was argued before the court in banc which dismissed the exceptions to the findings of the trial judge and a decree was entered directing the register to admit the will to probate. It is from this decree that the appeal now pending was taken. The real question involved in the case is whether the executor, Croskey, who was also made a trustee under the will, had such a substantial interest as to shift the burden of proof upon the proponents to show that the testatrix had a full understanding of the disposition made of her property by the will and of the nature and extent of the trust relation created in favor of Dr. Croskey and benefits derived by him.

It appears from the testimony that the testatrix two years prior to the making of her will had a stroke of paralysis which weakened her mentally and physically, and after being thus stricken, she became hysterical, melancholy, nervous, suspicious of her servants, fearful she might end her days in the almshouse, would cry out without reason, was peevish and childish, continually laughing and crying. An attending physician testified that " her mind was enfeebled but not unsound." Under these circumstances the learned trial judge was reasonably justified in reaching the conclusion " that Mrs. Adams was possessed of testamentary capacity," and certainly did not overstate the facts when he said, " Her mind from June, 1902, up to the time of her death was enfeebled as a result of her illness, and in a condition easily susceptible to flattery, persuasion or influence."

The general rule applicable to such cases is that although the evidence is not sufficient to establish testamentary incapac-

ity, as the court below has found in the present case, but does show bodily infirmity and greatly weakened mentality, a presumption of undue influence arises where a stranger to the blood of the testator, standing in a confidential relation, is benefited by the will which he has been instrumental in having executed. We do not understand that this rule is questioned by the learned counsel for appellee, but it is argued with much force that in order to make the rule operative the confidential adviser must have benefited to a considerable extent or in a substantial manner. In other words, in order to shift the burden of proof the benefit derived from the will must be a large, or considerable, or substantial interest. It is true in some of our cases such expressions have been used, and in Linton's Appeal, 104 Pa. 228, it was held that the appointment as executor with the right to receive the usual commissions did not constitute such an interest. In no case, however, has the court undertaken to exactly define the character of benefit or the extent of interest the confidential adviser must receive in order to shift the burden of proof, and indeed, it may be said no hard and fast rule can be laid down. Something must depend upon the circumstances of each particular case. What the law requires is that a person acting as confidential adviser to a testator, bodily infirm and mentally weak, must act in the utmost good faith, and if he is benefited in a legal sense by the will procured by him, he must assume the burden of showing deliberation, volition and understanding on the part of the maker of the will. The benefit derived by Dr. Croskey, the confidential adviser in the present case, under the will was, first, an executorship; second, a trusteeship by means of which he has the control, or partial control, of the entire estate, amounting to perhaps $75,000, for a period of years; and third, a possible residuary interest in the whole estate. Certainly all of these things gave him such a substantial interest as to bring him within the operation of the rule which provides that where a testator, although possessed of testamentary capacity is aged, infirm bodily, with mental faculties impaired, as against a confidential adviser who is a beneficiary under the will, there is a presumption of fact that undue influence was brought to bear on the mind of the testator and the burden is on the beneficiary to rebut the presumption:

Wilson v. Mitchell, 101 Pa. 495; Armor's Estate, 154 Pa. 517.

It is urged that even conceding the burden of proof was shifted in the present case, it was fully rebutted by the testimony introduced before the register, which it is alleged was not sufficient to support a finding by a jury, even if they should so find, that the testatrix had been unduly influenced by her confidential adviser, and because the testimony must be deemed insufficient for this purpose an issue devisavit vel non should not be awarded. We do not concur in this view of the situation. In Boyd v. Boyd, 66 Pa. 283, Mr. Justice SHARSWOOD, in discussing the rule applicable to this class of cases, said: "Let us see, then, if there was any evidence in this case which raised this presumption and shifted the onus. If there was, it was a question for the jury." As hereinbefore stated, we think under the facts in the present case the presumption of undue influence arose and the testimony, if believed, is sufficient to support a finding of a jury to that effect.

Decree reversed, petition reinstated and issue devisavit vel non awarded.